MARC A. PILOTIN
Regional Solicitor
LAURA BREMER
Counsel for ERISA
SONYA SHAO (CA #300832)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
370 S. Figueroa St. Suite 370
Los Angeles California 90071
Shao.Sonya.P@dol.gov
Tel: (213) 330-0372
*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    vs.<br><br>PAUL G. FILLET, D.M.D., INC., a California corporation; Paul G. Fillet, an individual; and PAUL G. FILLET, D.M.D., INC. PROFIT SHARING PLAN, an employee benefit plan,<br><br>    Defendants. | Case No.: 3:23-cv-167<br><br>COMPLAINT FOR VIOLATIONS OF ERISA |

1. The Secretary brings this action requesting that the Court appoint an independent fiduciary for the PAUL G. FILLET, D.M.D., INC. PROFIT SHARING PLAN ("Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, to enjoin acts and practices that violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to Section 502(a)(2) & (5), 29 U.S.C. § 1132(a)(2) & (5).

2. As explained further below, Defendants have abandoned an employee retirement Plan without distributing assets to the Plan's participants, leaving retirement funds for two employees locked in the Plan account. Furthermore, Defendant Paul G. Fillet has raided the Plan account by transferring employee retirement funds to Defendant Paul G. Fillet's personal bank account for his personal use, and, since 2017, Defendants have failed to timely remit – or remit at

**Complaint for Violations of ERISA**
*Sec'y of Labor v. Paul G. Fillet, D.M.D., Inc., et al. (Case No. 3:23-cv-167)*   Page 1 of 11

all – employee contributions to the Plan account, resulting in lost opportunity income. The Secretary brings this case to seek an independent fiduciary to ensure the Plan's funds are properly distributed to the employee Plan Participants, to recover the funds owed to the Plan, to enjoin future violations, and to protect the public interest at stake.

## DEFENDANTS

3. The PAUL G. FILLET, D.M.D., INC. PROFIT SHARING PLAN (the "Plan") is an employee benefit plan set up to provide retirement savings within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a). The Plan is named as a Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief can be granted.

4. At all relevant times, Defendant PAUL G. FILLET, D.M.D., INC. (the "Plan Sponsor") was and is the Plan sponsor; Plan Administrator; a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C). The Plan Sponsor was a dental office located at 2420 San Ramon Valley Blvd, in San Ramon, California that provided services such as x-rays, cleanings, and root canals.

5. At all relevant times, Defendant PAUL G. FILLET ("Dr. Fillet") was and is the owner of PAUL G. FILLET, D.M.D., INC., the Plan Sponsor; was and is a Trustee of the Plan; exercised discretionary authority and control respecting the management and disposition of the Plan and its assets; exercised discretionary authority and responsibility in the administration of the Plan; was and is a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and was and is a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A), (E), and (H), 29 U.S.C. §§ 1002(14)(A), (E), and (H). He had access to the Plan's bank accounts and signed checks on behalf of both the Plan and the Plan Sponsor. In addition to being identified as the Trustee in the Plan's Adoption Agreement, he also signed the Plan's governing documents as its Trustee.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and under 28 U.S.C. § 1331.

7. This Court has subject matter jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and under 28 U.S.C. § 1331.

8. Venue for this action lies in the Northern District of California ("District") because Defendants reside and may be found in or around Contra Costa County, the Plan was administered in Contra Costa County, and the breaches took place in Contra Costa County, within this District.

**INTRADISTRICT ASSIGNMENT**

9. Assignment of this action to the San Francisco or Oakland Divisions of the Northern District of California pursuant to Civil Local Rule 3-2(c) is proper, because a substantial part of the events or omissions which gave rise to this claim occurred in Contra Costa County.

**FACTUAL ALLEGATIONS**

10. Pursuant to the Plan's governing documents, the Plan Sponsor is the Plan Administrator with discretionary authority over the Plan and is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(16).

11. Pursuant to the Plan's governing documents, Dr. Fillet is the Plan Trustee with discretionary authority over the assets of the Plan and therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(16).

12. T.D. Ameritrade[1] is the Plan's asset custodian ("Asset Custodian"), and it can act only at the direction of the Plan Administrator or a properly appointed discretionary trustee or fiduciary.

13. The Plan originated on or around November 1, 1980. At all relevant times, the Plan was funded by employee contributions. Per the Plan's governing documents, it is to

---

[1] Since acquired by Charles Schwab.

**Complaint for Violations of ERISA**
*Sec'y of Labor v. Paul G. Fillet, D.M.D., Inc., et al. (Case No. 3:23-cv-167)*   Page 3 of 11

provide benefits to the Plan Sponsor's participating employees upon retirement or their termination, among other things.

14. The Plan's governing documents, which were adopted by the Plan Sponsor and signed by Dr. Fillet, identify the Plan Sponsor, Paul G. Fillet, D.M.D., Inc., as the Employer and Plan Administrator, and Dr. Fillet as the Trustee.

15. The Plan's governing documents state that the "primary responsibility of the Plan Administrator is to administer the Plan for the exclusive benefit of the Participants and their Beneficiaries, subject to the specific terms of the Plan."

16. Per the Plan's governing documents, the Plan Administrator's duties include "[t]o authorize and direct the Trustee with respect to all disbursements from the Trust Fund."

17. At all relevant times, Dr. Fillet, the Trustee, exercised discretionary control and authority over the management of the Plan, the Plan Sponsor's payroll, employee contributions, and the disposition of Plan assets.

18. At all relevant times, the Plan Participants had three participants, Dr. Fillet, and two employees.

### Dr. Fillet's Looting of the Plan Account

19. Paragraphs 1 through 18 above are realleged and incorporated herein by reference.

20. The Plan Sponsor, as Plan Administrator, was required "[t]o authorize and direct the Trustee with respect to all disbursements from the Trust Fund."

21. Before February 28, 2021, the Plan had a value of approximately $212,269.35 in its account.

22. Prior to February 28, 2021, Dr. Fillet's share of the Plan's account as a Plan Participant was approximately $1,601.77.

23. Starting in 2017, Dr. Fillet, as the Trustee, authorized several withdrawals from the Plan Account for funds which went to the Plan Sponsor's company bank account or to his personal bank account for non-Plan use. These include, but are not limited to: on February 16, 2017, Dr. Fillet withdrew $25,000 from the Plan Account to the Plan Sponsor's company bank

account; on March 8, 2021, Dr. Fillet withdrew $23,187.70 from the Plan Account to his personal account; on March 10, 2021, he withdrew $16,000 to his personal account; on March 22, 2021, he withdrew $2,600 to his personal account, and on March 25, 2021, he withdrew $19,975 to his personal account.  The March 2021 withdrawals totaled at least $61,762.20 from the Plan Account for funds which went to Dr. Fillet's personal bank account for non-Plan use, which, in addition to the February 20217 withdrawal to the Plan Sponsor's company bank account for non-Plan use, resulted in $86,762.70 that was withdrawn from the Plan account for non-Plan use.  Together, these withdrawals resulted in approximately $9,716.42 in lost opportunity income as of January 5, 2023.

24. Defendants improperly withdrew Plan assets from the Plan and used them for non-Plan purposes.

**Defendants' Abandonment of the Plan**

25. Paragraphs 1 through 18 above are realleged and incorporated herein by reference.

26. In or around March 2020, the Plan Sponsor terminated the two employee Plan Participants (dental hygienists and/or assistants) and ceased operating soon after.  The Plan Sponsor is currently listed on the Secretary of State website as a suspended corporation with an inactive date of October 1, 2020

27. Prior to and at the time of Plan Sponsor's cessation of operations, the Plan Sponsor failed to take steps to ensure the two employee Plan Participants received the Plan distributions that were due to them.  At that time, the two dental hygienists' share of the Plan assets was approximately $150,000, which they had saved for retirement.

28. The Plan is currently locked by the Plan's Asset Custodian, who will not authorize distributions of the remaining Plan assets to the Plan's participants without direction from a court-appointed independent fiduciary.

29. Dr. Fillet has failed to administer his duties as Plan Trustee.  Specifically, he has failed to timely issue distribution to the two employee Plan Participants.  Moreover, the Plan Sponsor has failed to remove him as Plan Trustee.

**Defendants' Failure to Timely Remit or Remit Employee Contributions to the Plan**

30. Paragraphs 1 through 18 above are realleged and incorporated herein by reference.

31. At all relevant times, Dr. Fillet caused the Plan Sponsor to withhold approximately $200 from the two employees' wages per pay period for contributions to the Plan.

32. From approximately January 13, 2017 through approximately March 31, 2020, Defendants failed to timely remit approximately $13,500 in employee contributions to the Plan account. These contributions withheld from the employees' wages could have reasonably been segregated from the Plan Sponsor's general assets and forwarded to the Plan no later than seven (7) business days after the amount would have been payable to the participants, pursuant to 29 CFR § 2510.3-102(a)(2). Instead, the withheld contributions were retained for over 7 business days and commingled with the Plan Sponsor's accounts for non-Plan use for up to 245 calendar days, resulting in approximately $239 in lost opportunity income.

33. During the period from approximately January 13, 2017 through approximately March 31, 2020, Defendants withheld but failed to remit approximately $100 in employee contributions to the Plan account.

## VIOLATIONS OF ERISA

34. By the conduct described in Paragraphs 19 – 24 (prohibited transactions) above, Defendants the Plan Sponsor, Paul G. Fillet, DMD, Inc., and/or Dr. Fillet, acting in their fiduciary capacities:

a. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and,

b. failed to act with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

     c.    failed to discharge their duties with respect to a plan in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

     d.    caused the Plan to engage in transactions which Defendants knew or should have known constituted a direct or indirect lending of money or other extension of credit between the Plan and a party in interest, in violation of ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B);

     e.    caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); and

     f.    dealt with assets of the Plan in their own interests and acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2).

35.    By the conduct described in Paragraphs 19 – 24 above, the Plan Sponsor is liable as a co-fiduciary under ERISA § 405(a), 29 U.S.C. § 1105(a) for the March 2021 withdrawals to Dr. Fillet's personal bank account. The Plan Sponsor is liable under ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), because its failure to comply with its obligations under 404(a)(1), 29 U.S.C. § 1104(a)(1)(A), allowed Trustee Dr. Fillet to violate ERISA by engaging prohibited transactions. Additionally, the Plan Sponsor is liable under ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3), because it had actual or constructive knowledge of the breach by Dr. Fillet, and failed to make reasonable efforts under the circumstances to remedy the breach.

36.    As a direct and proximate result of the breaches of fiduciary duties committed by Defendants the Plan Sponsor, Paul G. Fillet, DMD, Inc., and Dr. Fillet in described in Paragraphs 19 – 24 above, the Plan has suffered losses, including lost-opportunity income, for which the Plan Sponsor and Dr. Fillet are jointly and severally liable pursuant to ERISA § 409, 29 U.S.C. § 1109.

37.    By the conduct described in <u>Paragraphs 25 – 29 (regarding Plan Abandonment)</u> above, Defendants the Plan Sponsor, Paul G. Fillet, DMD, Inc., and Dr. Fillet, acting in their fiduciary capacities:

a. Failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

b. Failed to act with the care, skill prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims as required by ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

c. Failed to monitor its sole appointed Trustee, Dr. Fillet, to ensure that he perform his fiduciary duties in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

d. Failed to remove the sole appointed Trustee, Dr. Fillet, after he breached his fiduciary duties to act solely in the interest of the participants and beneficiaries of the Plan by distributing benefits and defray reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

e. Failed to discharge their duties with respect to a plan in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

38. By the conduct described in Paragraphs 25 – 29 above, the two employee Plan Participants are unable to access their funds in the Plan Account to reinvest them in a tax-qualified retirement savings vehicles before retirement, to draw them down upon retirement, or for any other purpose.

39. As a direct and proximate result of the breaches and violations set forth in Paragraphs 25 – 29 above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, including removal of such fiduciary, under ERISA § 409, 29 U.S.C. § 1109.

40. By the conduct described in <u>Paragraphs 30 – 33 (regarding remittances)</u> above, Defendants the Plan Sponsor, Paul G. Fillet, DMD, Inc., and Dr. Fillet, acting in their fiduciary capacities:

     a.     Allowed the assets of the Plan to inure to the benefit of the Plan Sponsor, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

     b.     Failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

     c.     Failed to act with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

     d.     Caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); and

     e.     Dealt with assets of the Plan in their own interests and acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2); and

41.     As a direct and proximate result of the breaches of fiduciary duties committed by the Plan Sponsor and Dr. Fillet, as described in paragraphs 30 – 33 above, the Plan has suffered losses, including lost-opportunity income, for which the Plan Sponsor and Dr. Fillet are jointly and severally liable pursuant to ERISA § 409, 29 U.S.C. § 1109.

## **PRAYER FOR RELIEF**

**FOR THESE REASONS**, in accordance with ERISA § 502(a)(2) & (5), 29 U.S.C. § 1132(a)(2) & (5), the Secretary prays that the Court:

     a.     Order Defendants Plan Sponsor and Dr. Fillet to restore to the Plan any losses, including lost-opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

b. Order Defendants Plan Sponsor and Dr. Fillet to correct the prohibited transactions in which they engaged or in which they caused the Plan to engage or for which they are liable;

c. Permanently enjoin Defendants Plan Sponsor and Dr. Fillet from violating the provisions of Title I of ERISA, including ERISA § 412(a) and (b), 29 U.S.C. § 1112(a) and (b);

d. Remove Defendant Plan Sponsor as a fiduciary to the Plan and as Plan Administrator;

e. Remove Dr. Fillet as fiduciary to the Plan and as Plan Trustee, and permanently enjoin Dr. Fillet from serving as a fiduciary of any ERISA-covered benefit plan;

f. Appoint an independent fiduciary with discretionary authority to collect and distribute the 401(k) Plan's assets to the participants and beneficiaries, terminate the 401(k) Plan, and conclude any Plan-related matters connected with the proper termination of the Plan;

g. Require the Defendants to cooperate with the independent fiduciary;

h. Order Defendants to restore to the Plan any losses, including lost-opportunity income earnings, resulting from fiduciary breaches committed by them or for which they are liable;

i. Require the Defendants to pay for all costs associated with the appointment and retention of the independent fiduciary;

j. Award the Secretary the costs of this action; and

k. Order such further relief as may be just and equitable.

Dated: January 12, 2023

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

**Complaint for Violations of ERISA**
*Sec'y of Labor v. Paul G. Fillet, D.M.D., Inc., et al. (Case No. 3:23-cv-167)* Page 10 of 11

LAURA BREMER
Counsel for ERISA

_____

SONYA SHAO
Senior Trial Attorney

Attorneys for the Plaintiff